**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

     v.                                    Criminal No. 11-cr-156-03-PB

Bruce Simmons

**O R D E R**

On July 3, 2013, the defendant appeared for a bail
revocation hearing pursuant to 18 U.S.C. § 3148.  Defendant
conceded that the government had evidence sufficient to
establish its burden under 18 U.S.C. § 3148(b)(1), but contested
bail revocation under § 3148(b)(2) and sought release.
Following the hearing, the court issued its ruling orally from
the bench and explained in detail the basis for the court's
decision to revoke defendant's bail. The court's oral ruling is
incorporated herein by reference.

A request to revoke bail is governed by 18 U.S.C. §
3148(b), which provides in part:

> The judicial officer shall enter an order of
> revocation and detention if, after a hearing, the
> judicial officer--

(1) finds that there is-

    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

    (B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that--

    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

    (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b)(1)-(2).  The government has the initial burden to establish the violation under 18 U.S.C. § 3148(b)(1). If the government establishes probable cause to believe the defendant committed a new "felony" offense on release, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.  18 U.S.C. § 3148(b)(2).  Otherwise, the government typically has the burden to prove by a preponderance of the evidence the requirements of section 3148(b)(2)(A) or (B).  <u>United States v. Aron</u>, 904 F.2d

221, 224 (5th Cir. 1990); <u>United States v. Poinsett</u>, 953 F.
Supp. 37, 38 (N.D.N.Y. 1997).

Defendant conceded that the government had sufficient
evidence to meet its burden under 18 U.S.C. § 3148(b)(1)(B), of
proving by clear and convincing evidence that he violated a
condition of his release, and he waived a hearing on that
question.  With respect to revocation, the court found, for all
of the reasons stated on the record, that defendant is unlikely
to abide by any condition or combination of conditions of
release, <u>see</u> 18 U.S.C. § 3148(b)(2)(B), and that revocation of
bail is warranted.  The conditions of release are therefore
revoked.

Accordingly, it is **ORDERED** that the defendant be detained.
The defendant is committed to the custody of the Attorney
General or her designated representative for confinement in a
corrections facility separate, to the extent practicable, from
persons awaiting or serving sentences or being held in custody
pending appeal.  The defendant shall be afforded a reasonable
opportunity for private consultation with defense counsel.  On
order of a court of the United States or on request of an
attorney for the government, the person in charge of the
corrections facility shall deliver the defendant to the United

States Marshal for the purpose of an appearance in connection with a court proceeding.

      **SO ORDERED.**

                    _____
                    Landya B. McCafferty
                    United States Magistrate Judge

July 3, 2013

cc: Patrick J. Richard, Esq.
    Jennifer C. Davis, Esq.
    U.S. Probation
    U.S. Marshal